**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A. | Case No. 1:22-cv-3865 |
|      Interpleader Plaintiff, | |
|           v. | |
| 29-33 NINTH AVENUE, LLC; BUTTER MANAGEMENT, LLC; 9039 SUNSET BOULEVARD, LLC; 17TH STREET ENTERTAINMENT II, LLC; 30TH STREET ENTERTAINMENT LLC; CASSA NY RESTAURANT LLC; KATZ GROUP USA, CORP.; DANUCHT ENTERTAINMENT, LLC; RICHARD AKIVA a/k/a RICHIE AKIVA; JACQUELINE AKIVA; SAM TELL AND SON, INC. d/b/a THE SAM TELL COMPANIES; MANHATTAN BEER DISTRIBUTORS LLC; SOUTHERN GLAZER'S WINE AND SPIRITS OF NEW YORK, LLC; and CONNECTONE BANK, successor-by-merger to Greater Hudson Bank, | |
|      Interpleader Defendants. | |

## COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF

Interpleader Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by and through its attorneys,

Greenberg Traurig, LLP, as and for its Interpleader Complaint, alleges as follows:

## NATURE OF ACTION

1.      Chase brings this action pursuant to Rules 22 and 57 of the Federal Rules of Civil

Procedure and 28 U.S.C. §§ 1335, 2201, and 2361 to determine the rightful ownership of property

in which Chase itself has no interest.  The interpleaded property consists of the rights, if any, to at

least $2,179,619.48 (the "Funds")[1] currently sitting in ten Chase business bank accounts and which

have been frozen for approximately a year while the parties asserting competing claims thereto

have sought to resolve their differences and/or establish joint instructions to provide Chase as far

---

[1] This number represents the total amount across the ten Chase business bank accounts in question, as reflected in the last available account statements for these accounts for the period ending April 30, 2022.

as how these Funds can or should be accessed or distributed given their business-related dispute. Those claimants have been unable to come to any agreement and have now escalated the matter by reasserting their competing claims and contending that Chase should act in a manner consistent with their respective purported claim.  As Chase is a third party to the business dispute between the interpleader defendants and simply wants to ensure that access to and use of the Funds is properly realized, Chase has filed this action so that the Court can determine who can access the Funds, if any limitations or conditions should be placed with respect to access, and/or if the Funds should be directed to any particular party and advise Chase accordingly.

2.      Chase has received competing claims from interpleader defendants Katz Group USA, Corp. (the "Katz Group") on the one hand and Danucht Entertainment, LLC ("Danucht Entertainment"), Richard Akiva a/k/a Richie Akiva, and Jacqueline Akiva (collectively, the "Akivas") on the other hand, who all either own interests in, or are members of an entity that owns interests in, interpleader defendant Butter Management, LLC ("Butter Management").  Chase has been advised that Butter Management is the manager of, among other entities, five interpleader-defendant entities (29-33 Ninth Avenue, LLC, 9039 Sunset Boulevard, LLC, 17th Street Entertainment II, LLC, 30th Street Entertainment LLC, and Cassa NY Restaurant LLC, altogether, the "Butter Affiliates"), all of whom have business accounts with Chase, as does Butter Management.  Further, Chase has been advised that the Katz Group and the Akivas are in a business dispute concerning the Funds in Butter Management and the Butter Affiliates' accounts, and have received competing demands from Katz and the Akivas relating to these Funds.  This action will allow Chase to determine how it should proceed given these competing claims.

3.      Relatedly, four entities have communicated to Chase that they are judgment creditors of Butter Management and/or at least one of the Butter Affiliates, whether by writ of

garnishment, restraining notice, or other formal notice, and have demanded at least some of the Funds.

4.  This proceeding is necessary to enable Chase, in the event it is directed to provide specific access to or return or provide the Funds to one or several particular interpleader defendant(s), to obtain a discharge that is binding on all interested parties and that thereby eliminates the risk that the bank would be subject to double or multiple liability as a result of inconsistent rulings in different forums.

5.  This interpleader action is also necessary to assess the respective claims and determine the appropriate rights of the interpleaded defendants to the Funds in question.

## THE PARTIES

6.  Chase is a national banking association organized under the laws of the United States.  Chase is a citizen of Ohio with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240, as designated in the Articles of Association of Chase.

7.  Interpleader defendant 29-33 Ninth Avenue, LLC ("29-33 Ninth Avenue") is a New York limited liability company.  The Signature Cards that 29-33 Ninth Avenue signed with Chase on July 11, 2017 list a business address of 410 West 14th Street, Apt. 2, New York, New York 10014, which remains the business address on file and, upon information and belief, is the principal place of business for this entity.

8.  Interpleader defendant Butter Management is a North Carolina limited liability company.  The Signature Card that Butter Management signed with Chase on November 28, 2016 lists a business address of 327 Hillsborough Street, Raleigh, North Carolina 27603, although that was subsequently updated to a New York address, first 410 West 14th Street, Second Floor, New York, New York 10014 and most recently 453 West 17th Street, Frnt 1, New York, NY 10011.

Chase has been advised that Butter Management is 50% owned by the Katz Group and 50% owned or controlled by the Akivas.

9.      Interpleader defendant 9039 Sunset Boulevard, LLC ("9039 Sunset") is a Nevada limited liability company.  The Signature Cards that 9039 Sunset signed with Chase on March 31, 2016 list a business address of 9039 West Sunset Boulevard, West Hollywood, California 90069, although the address associated with the account of 9039 Sunset ending 8917 was most recently updated to 410 West 14th Street, Second Floor, New York, NY 10011.

10.     Interpleader defendant 17th Street Entertainment II, LLC ("17th Street") is a New York limited liability company.  The Signature Card that 17th Street signed with Chase on September 27, 2016 lists a business address of 453 West 17th Street, New York, New York 10011, which remains the business address on file and, upon information and belief, is the principal place of business for this entity.

11.     Interpleader defendant 30th Street Entertainment LLC ("30th Street") is a New York limited liability company.  The Signature Cards that 30th Street signed with Chase on August 15, 2017 list a business address of 410 West 14th Street, Floor 2, New York, New York 10011, which remains the business address on file and, upon information and belief, is the principal place of business for this entity.

12.     Interpleader defendant Cassa NY Restaurant LLC ("Cassa") is a New York limited liability company.  The Signature Card that Cassa signed with Chase on August 15, 2017 lists a business address of 453 West 17th Street, New York, New York 10011, which remains the business address on file and, upon information and belief, is the principal place of business for this entity.

13.     Interpleader defendant Katz Group is a Delaware corporation with a principal place of business at 4540-161 Bay Street, Toronto, Ontario, Canada M5J 2S1.

14.     Interpleader defendant Danucht Entertainment is a Florida limited liability company with a principal place of business at 410 West 14th Street, 2nd Floor, New York, New York 10014, and is authorized to do business in the State of New York.  Richard Akiva a/k/a Richie Akiva is publicly identified as the manager of Danucht Entertainment.

15.     Upon information and belief, defendant Richard Akiva a/k/a Richie Akiva ("R. Akiva") is an individual who is a citizen of the State of New York residing in New York County, New York.  The most recent Annual Report of Danucht Entertainment, filed June 16, 2020 with the Florida Secretary of State, lists R. Akiva's address as 410 West 14th Street, 2nd Floor, New York, New York 10014.

16.     Upon information and belief, defendant Jacqueline Akiva ("J. Akiva") is an individual who is a citizen of the State of New York residing in New York County, New York. The most recent Annual Report of Danucht Entertainment, filed June 16, 2020 with the Florida Secretary of State, lists J. Akiva's address as 410 West 14th Street, 2nd Floor, New York, New York 10014.

17.     Interpleader Defendant Sam Tell and Son, Inc. d/b/a The Sam Tell Companies ("Sam Tell") is a New York corporation, with a principal place of business of 300 Smith St., Farmingdale, New York 11735.

18.     Interpleader Defendant Manhattan Beer Distributors LLC ("Manhattan Beer") is a New York limited liability company, with a principal place of business of 955 East 149th St., Bronx, New York 10455.

19.     Interpleader Defendant Southern Glazer's Wine and Spirits of New York, LLC ("Southern Glazer's") is a Florida limited liability company, with a principal place of business of 345 Underhill Blvd., Syosset, New York 11791.

20.     Interpleader defendant ConnectOne Bank, successor-by-merger to Greater Hudson Bank ("ConnectOne"), is a New Jersey state chartered commercial bank.  ConnectOne is a citizen of New Jersey, with its main office located at 301 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

## JURISDICTION AND VENUE

21.     This Court has subject matter jurisdiction over the claim asserted herein because this is an interpleader claim brought under 28 U.S.C. § 1335.  Chase has in its possession or custody money and/or property of value over $500, consisting of the Funds.  There are two or more adverse claimants of diverse citizenship claiming, or that may claim, entitlement to the Funds that is the subject matter of this action.

22.     This Court also has subject matter jurisdiction over the claim under 28 U.S.C. § 1332, because the parties are citizens of different states and the amount in controversy exceeds $75,000.

23.     Chase is a citizen of Ohio for diversity purposes.  *See* Paragraph 6, *supra*.

24.     Katz Group is a Delaware corporation with its principal place of business in Canada, and thus is a citizen of Delaware and Canada for diversity purposes.

25.     The Akivas reside in New York and thus are citizens of New York for diversity purposes.

26.     For purposes of diversity jurisdiction, a limited liability company is a citizen of each state where its members are citizens.  Based on information submitted to Chase by the

interpleader defendants as well as publicly available documents, by virtue of their memberships, (i) Butter Management and the Butter Affiliates are each a citizen of New York, Delaware, and Canada, and 9039 Sunset may also be a citizen of California; (ii) Danucht Entertainment is a citizen of New York; (iii) Sam Tell is a citizen of New York; (iv) Manhattan Beer is a citizen of New York; and (v) Southern Glazer's is a citizen of Florida and may also be a citizen of New York. Upon information and belief, none of the members of Butter Management, the Butter Affiliates, Danucht Entertainment, Sam Tell, Manhattan Beer, or Southern Glazer's is a citizen of Ohio.

27.     ConnectOne is a citizen of New Jersey for diversity purposes, because it is a New Jersey state chartered commercial bank.

28.     Venue is proper under 28 U.S.C. §§ 1391 and 1397.

## FACTUAL BACKGROUND

### *The Accounts*

29.     29-33 Ninth Avenue opened and currently holds business checking accounts with Chase ending 5688 and 1890 (the "29-33 Ninth Avenue Accounts"). 29-33 Ninth Avenue opened the 29-33 Ninth Avenue Accounts on or about July 10, 2017. When opening the 29-33 Ninth Avenue Accounts, 29-33 Ninth Avenue agreed to a Deposit Account Agreement ("DAA"), as may be amended over time, with Chase. 29-33 Ninth Avenue did so by signing Signature Cards that expressly stated that the "Depositor acknowledges receipt of the Bank's [DAA] . . . or other applicable account agreement, which include all provisions that apply to this deposit account . . . and agree to be bound by the terms and conditions contained therein as may be amended from time to time" (the "DAA Acknowledgement"). Business Signature Cards for accounts 5688 and 1890

are annexed hereto as Exhibits 1 and 2, respectively,[2] both of which reflect J. Akiva to be signer and R. Akiva to be member.

30.    Butter Management opened and currently holds a business checking account with Chase ending 9500 (the "Butter Management Account").  Butter Management opened the Butter Management Account on or about November 28, 2016.  When opening the Butter Management Account, Butter Management agreed to the DAA with Chase.  Butter Management did so by signing a Signature Card that expressly included the DAA Acknowledgement.  The Business Signature Card for account 9500 is annexed hereto as Exhibit 3 and reflects J. Akiva to be the authorizing representative and R. Akiva to be signer.

31.    9039 Sunset opened and currently holds business checking accounts with Chase ending 3830 and 8917 (the "9039 Sunset Accounts").  9039 Sunset opened the account ending 3830 on or about March 31, 2016, and the account ending 8917 on or about January 3, 2019.  When opening the 9039 Sunset Accounts, 9039 Sunset agreed to the DAA with Chase.  9039 Sunset did so by signing Signature Cards that expressly included the DAA Acknowledgement.  The Business Signature Cards for accounts 3830 and 8917 are annexed hereto as Exhibits 4 and 5, respectively, the former of which reflects J. Akiva to be signer, and the latter of which reflects J. Akiva and R. Akiva to be managers.

32.    17th Street opened and currently holds business checking accounts with Chase ending 3631 and 7092 (the "17th Street Accounts").  17th Street opened the 17th Street Accounts on or about September 27, 2016.  When opening the 17th Street Accounts, 17th Street agreed to the DAA with Chase.  17th Street did so by signing Signature Cards that expressly included the

---

[2] Personal information and account numbers except the last four digits contained in the exhibits attached hereto have been redacted.

DAA Acknowledgement.  The Business Signature Cards for accounts 3631 and 7092 are annexed hereto as Exhibits 6 and 7, respectively, both of which reflect J. Akiva to be signer.

33.     30th Street opened and currently holds business checking accounts with Chase ending 3927 and 3317 (the "30th Street Accounts").  30th Street opened the 30th Street Accounts on or about July 31, 2017.  When opening the 30th Street Accounts, 30th Street agreed to the DAA with Chase.  30th Street did so by signing Signature Cards that expressly included the DAA Acknowledgement.  The Business Signature Cards for accounts 3927 and 3317 are annexed hereto as Exhibits 8 and 9, respectively, both of which reflect J. Akiva to be signer and R. Akiva to be member.

34.     Cassa opened and currently holds a business checking account with Chase ending 7106 (the "Cassa Account").  Cassa opened the Cassa Account on or about July 31, 2014.  When opening the Cassa Account, Cassa agreed to the DAA with Chase.  Cassa did so by signing a Signature Card that expressly included the DAA Acknowledgement.  The Business Signature Card for account 7106 is annexed hereto as Exhibit 10, which reflects J. Akiva to be manager.

35.     As of May 12, 2022, the balances of the above-referenced accounts in Paragraphs 29 through 34 (collectively, the "Accounts") were as follows:

| Account Number ending XXXX | Account Holder | Balance |
|---|---|---|
| 5688 | 29-33 Ninth Avenue | $230,115.21 |
| 1890 | 29-33 Ninth Avenue | $50.00 |
| 9500 | Butter Management | $904,715.67 |
| 3830 | 9039 Sunset | $116,153.75 |
| 8917 | 9039 Sunset | $8,217.70 |
| 3631 | 17th Street | $820,391.38 |

| Account Number ending XXXX | Account Holder | Balance |
|---|---|---|
| 7092 | 17th Street | $99,330.95 |
| 3927 | 30th Street | $0.00 |
| 3317 | 30th Street | $0.00 |
| 7106 | Cassa | $644.82 |
| **Total** | | **$2,179,619.48** |

### *The Dispute Amongst the Interpleader Defendants*

36.     Upon information and belief, Butter Management is (a) jointly owned by Katz Group (50% ownership), Danucht Entertainment (49% ownership), and J. Akiva (1% ownership), with R. Akiva acting as the Chief Executive Officer of Butter Management, and (b) the operating manager of at least most, if not all, of the Butter Affiliates.

37.     Upon information and belief, Butter Management and the Butter Affiliates have been involved in the hospitality industry, namely in the operation of nightclubs or restaurants in New York City and in other parts of the country, for years before the COVID-19 pandemic.

38.     Upon information and belief, beginning in late 2019 or early 2020, disputes arose among the Katz Group and the Akivas concerning the operation and management of Butter Management and/or the Butter Affiliates.

39.     Chase has been advised that a special meeting of the directors of Butter Management was held on February 25, 2020.  At this meeting, the directors of Butter Management agreed, among other things, that all disbursements from the Accounts of $75,000 and above required the prior written approval of two directors of Butter Management: one nominated by interpleader defendant the Katz Group and one nominated by interpleader defendant Danucht Entertainment.

40.    Following the February 25, 2020 meeting discussed in the preceding paragraph, business disputes between the Katz Group and the Akivas continued, without resolution, through spring 2021.

41.    By letter dated May 13, 2021, a copy of which is attached hereto as Exhibit 11, counsel for Katz Group wrote to Chase, stating:

> Katz Group USA, Corp. is engaged in a dispute with Butter Management LLC's other members, Danucht Entertainment, LLC and Jacqueline Akiva. During the pendency of this dispute, no payments or withdrawals should be permitted from the accounts listed below [listing the Business Defendants] except with the written authorization of (1) Paul Marcaccio or Jürgen Schreiber, and (2) Richard Akiva or Jacqueline Akiva, <u>and</u> (3) Richard O'Donnell. . . . We will provide you written notice once the dispute has been resolved or payments and withdrawals from the above accounts may otherwise proceed with fewer than three signatures.

42.    The purported instructional information set forth in the Katz Group's May 13, 2021 letter is different than what was on file for Butter Management and the Butter Affiliates' Accounts as far as authorized signers.

### *The DAA and Restrictions Placed on the Accounts*

43.    On May 28, 2021, Chase restricted the Accounts of Butter Management and the Butter Affiliates given the competing information it had received vis-à-vis a right to access or use the Funds in the Accounts.  Copies of letters sent by Chase to Butter Management and the Butter Affiliates informing them of these restrictions are collectively attached hereto as Exhibit 12.

44.    Chase was expressly authorized to restrict the Accounts pursuant to Sections IX.C and IX.H. of the version of the DAA operative on May 28, 2021, attached hereto as Exhibit 13, which states in relevant part:

**C.  Restricting Your Account; Blocking or Delaying Transactions**

There are many reasons we may decline or prevent transactions to or from your account, but we generally do it to protect you or us, or to comply with legal requirements.  We may decline or prevent any or all transactions to or from your

account.  We may refuse, freeze, reverse or delay any specific withdrawal, payment or transfer of funds to or from your account, or we may remove funds from your account to hold them ***pending investigation***, including in one or more of the following circumstances:

- Your account is involved in any legal or administrative proceeding;
- ***We receive conflicting information or instructions regarding account ownership, control or activity***;
- We suspect that you may be the victim of a fraud, scam or financial exploitation, even though you have authorized the transaction(s);
- We suspect that any transaction may involve illegal activity or may be fraudulent;
- We are complying in our sole judgment, with any federal, state or local law, rule or regulation, including federal asset control and sanction rules and anti-money-laundering rules, or with our policies adopted to assure that we comply with those laws, rules or regulations; or
- ***We reasonably believe that doing so is necessary to avoid a loss or reduce risk to us***.

We also may limit cash deposits to, or withdrawals from, your account (or all of your accounts collectively) in a single transaction or total withdrawals or deposits during any period of time, or who may make deposits, in order to reduce risk and/or enhance our efforts to comply with applicable law. . . .

***We will have no liability for any action we take*** under ***this section.***

Ex. 13 at 21 § IX.C. (emphasis added).

45.     The DAA further provides:

**H.  Adverse Claims**

If there are conflicting instructions or there is any dispute regarding your account, we may take any action, including refusing to disburse any funds in the account to any person until all persons claiming an interest consent in writing to a resolution of the dispute; or a court of proper jurisdiction authorizes or directs the payment; or the person with a conflicting claim withdraws his or her claim in writing. ***We may also place funds in a court (this is called an interpleader action) for resolution***. If any person notifies us of a dispute, we do not have to decide if the dispute has merit before we take further action. We may take these actions without any liability and without advance notice, unless the law says otherwise.

Ex. 13 at 22 § IX.H. (emphasis added).

46.     In addition, the DAA provides generally, "**WE WILL NOT BE LIABLE FOR INDIRECT, SPECIAL, OR CONSEQUENTIAL DAMAGES REGARDLESS OF THE FORM OF ACTION AND EVEN IF WE HAVE BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES.**" Ex. 13 at 21 § IX.B (emphasis in original).

47.     The DAA thus explicitly authorized Chase to restrict the Accounts given the Katz Group's and the Akivas' competing demands and/or instructions to Chase regarding authorization of disbursements from the Accounts.

48.     On May 31, 2021, Chase informed Butter Management and the Butter Affiliates that it "recently received competing claims regarding signatory authority for, and access to, the" Accounts and "Chase is not in a position to, nor will it, decide disputes regarding the account." *See* Ex. 12.  Chase thus promptly informed the entities that "Chase has exercised its right under the DAA to place a hold on the" Accounts.  *Id.*  Nothing in the DAA or otherwise required Chase to give Butter Management and/or the Butter Affiliates advance notice that restrictions were being placed on their Accounts.

49.     If the Katz Group and the Akivas resolve their dispute and competing claims as to the Funds, and so inform Chase, Chase could swiftly lift the restrictions placed on the Accounts. As Chase explained to Butter Management and the Butter Affiliates in its May 31, 2021 letter correspondence, the restrictions would remain "until we receive a court order specifically awarding control of the funds in the account to one party or the other, or joint notarized instructions from the interested parties of" Butter Management and the Butter Affiliates "and its members, instructing Chase on who should be listed as signer(s) on the account mentioned above." Ex. 12.

50.     Despite Chase's May 31, 2021 instruction, none of the interpleader defendants provided Chase the requested "joint notarized instructions" relating to the Accounts.  In March

2022, Chase was advised, through counsel for at least one interpleader defendant, that the interpleader defendants had negotiated potential joint instructions to send to Chase but could not come to any agreement.

51.     Chase has recently been advised, through counsel, that the dispute between the Katz Group and the Akivas concerning the operation of Butter Management and necessarily the Butter Affiliates still has not been resolved.

52.     As of the date of this Complaint, the Katz Group and the Akivas have not (a) jointly informed Chase that they have resolved their dispute concerning the Accounts or (b) provided "joint notarized instructions" as instructed in Chase's May 30, 2021 letter correspondence.

### *The Judgment Creditors*

53.     On or about November 29, 2021, Chase received an Execution Against Property and Notice to Garnishee from Sam Tell, in an action captioned *Sam Tell and Son, Inc. d/b/a The Sam Tell Companies v. 17th Street Entertainment II LLC d/b/a 1 Oak*, in the New York State Supreme Court, County of New York, under index number 655766/2021, a copy of which is attached hereto as Exhibit 14.  The Restraining Notice arises from a judgment in the amount of $23,877.65 against 17th Street.  *See* Ex. 14.  Sam Tell is named as an interpleader defendant by virtue of its potential claim to funds in the two 17th Street accounts.

54.     On or about January 28, 2022, Chase received an Execution Against Property and Notice to Garnishee from Manhattan Beer, in an action captioned *Manhattan Beer Distributors LLC v. 17th Street Entertainment II LLC d/b/a 1 Oak and Richard Akiva*, in the New York State Supreme Court, County of Bronx, under index number 815856/2021E, a copy of which is attached hereto as Exhibit 15.  The Restraining Notice arises from a judgment in the amount of $12,611.70

against 17th Street and R. Akiva. *See* Ex. 15. Manhattan Beer is named as an interpleader defendant by virtue of its potential claim to funds in the two 17th Street accounts.

55.    On or about March 3, 2022, Chase received an Information Subpoena With Restraining Notice to Garnishee from Southern Glazer's, in an action captioned *Southern Glazer's Wine and Spirits of New York, LLC v. 17th Street Entertainment II LLC d/b/a 1 Oak*, in the New York State Supreme Court, County of Onondaga, under index number 5017/2021, a copy of which is attached hereto as Exhibit 16. The Restraining Notice arises from a judgment in the amount of $48,647.02 against 17th Street. *See* Ex. 16. Southern Glazer's is named as an interpleader defendant by virtue of its potential claim to funds in the two 17th Street accounts.

56.    On or about March 21, 2022, Chase received an Information Subpoena With Restraining Notice from ConnectOne, in an action captioned *ConnectOne Bank, successor-by-merger to Greater Hudson Bank v. 30th Street Entertainment LLC and Butter Management LLC* in the New York State Supreme Court, County of Westchester, under index number 62487/2021, a copy of which is attached hereto as Exhibit 17. The Restraining Notice arises from a judgment in the amount of $992,714.00 against 30th Street and Butter Management. *See* Ex. 17. ConnectOne is named as an interpleader defendant by virtue of its potential claim to funds in the two 30th Street accounts and Butter Management account.

## FIRST CAUSE OF ACTION
### (Interpleader Pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335)

57.    Chase repeats and realleges the allegations set forth in each and every paragraph above as if set forth fully herein.

58.    Chase claims no interest in the Funds.

59.    Chase is subject to competing demands as to the proper ownership of or rights to access or use the Funds.

60.    Chase is unable to determine the appropriate access requirements and/or proper payee of the Funds.  Nor is Chase able to determine whether any additional signatory requirements or other use or access conditions should be placed on the Accounts as the Katz Group contends.

61.    Chase is unable to determine which of the actual and/or potential claims is valid or to whom the Funds should rightfully be delivered and cannot remit the Funds without exposing itself to double or multiple liability.

62.    Chase itself is a neutral stakeholder and takes no position on which, if any, of the parties at issue has the superior claim to the Funds at issue.  But because Chase is subject to conflicting claims, it is exposed to the risk of multiple and inconsistent liability and is accordingly entitled to interpleader relief bringing the defendants before the Court and requiring them to litigate their respective claims to the Funds in the Accounts.

63.    As a result of the foregoing, Chase is or may be subject to multiple liability due to competing claims from the interpleader defendants.

64.    Under the circumstances, this interpleader proceeding is the most efficient and cost-effective means by which a single determination can be made as to who, if anyone, is entitled to access or use the Funds in the Accounts, and Chase, to the extent it is directed to turn over any such funds, can receive a discharge from further liability as to the Accounts that is binding on all interested parties and not subject to future attack.

65.    Because of the defendants' existing and/or potential claims to the funds in the Accounts, Chase is being exposed, or may in the future be exposed, to conflicting claims, to vexatious and burdensome litigation in different courts and different proceedings, to the attendant risk of inconsistent rulings, and ultimately to the prospect of double or multiple liability as to the same blocked assets.

66.     Chase is also entitled, as a neutral stakeholder, to its attorneys' fees and costs incurred in connection with this proceeding.  Any such attorneys' fees and costs are to be awarded out of the funds in the Accounts that may be turned over to defendant(s) under any judgment entered in this action.

67.     Chase conditionally tenders to the Court the Funds, subject to any applicable defenses and offsets.

**WHEREFORE**, Chase requests the entry of a judgment as follows:

a.  Dismissing Chase from this proceeding;

b.  Requiring the defendants to interplead each other concerning their competing claims to the Funds;

c.  Restraining and enjoining the interpleader defendants from commencing any legal actions against Chase relating to the Funds pending the entry of a final, non-appealable judgment in this matter;

d.  Adjudging the rights of each defendant as to the Funds;

e.  Discharging Chase from any and all liability to the defendants relating to the Funds, including any purported liability with respect to freezing access to the Funds pursuant to the DAA;

f.  Directing Chase to deposit the funds with the clerk of the Court less the appropriate amount of Chase's costs, fees and expenses; and

g.  Awarding Chase's costs, expenses, and reasonable attorney's fees in this action; and

h.  Awarding Chase such other and further relief as may be just and proper.

Dated: May 12, 2022
New York, New York

Respectfully submitted,

GREENBERG TRAURIG, LLP

By:

_/s/ Sylvia E. Simson_
Sylvia E. Simson
Ryan Sirianni

One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
simsons@gtlaw.com
siriannir@gtlaw.com

_Counsel for Plaintiff_
_JPMorgan Chase Bank, N.A._