**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
JPMORGAN CHASE BANK, N.A.,                                       :
                                                                 :  Case No. 1:22-cv-3865 (JPO) (GWG)
        Interpleader Plaintiff,                            :
                                                                 :
        v.                                                 :
                                                                 :
29-33 NINTH AVENUE, LLC; BUTTER                                  :
MANAGEMENT, LLC; 9039 SUNSET                                     :
BOULEVARD, LLC; 17TH STREET                                      :
ENTERTAINMENT II, LLC; 30TH STREET                               :
ENTERTAINMENT LLC; CASSA NY                                      :
RESTAURANT LLC; KATZ GROUP USA, CORP.;                           :
DANUCHT ENTERTAINMENT, LLC; RICHARD                              :
AKIVA a/k/a RICHIE AKIVA; JACQUELINE                             :
AKIVA; SAM TELL AND SON, INC. d/b/a THE                          :
SAM TELL COMPANIES; MANHATTAN BEER                               :
DISTRIBUTORS LLC; SOUTHERN GLAZER'S                              :
WINE AND SPIRITS OF NEW YORK, LLC; and                           :
CONNECTONE BANK, successor-by-merger to                          :
Greater Hudson Bank,                                             :
                                                                 :
        Interpleader Defendants.                           :
-----------------------------------------------------------------x
CONNECTONE BANK, successor-by-merger to                          :
Greater Hudson Bank,                                             :
                                                                 :
        Interpleader Defendant-Crossclaim Plaintiff,      :
                                                                 :
        v.                                                 :
                                                                 :
BUTTER MANAGEMENT, LLC; 30TH STREET                              :
ENTERTAINMENT LLC; KATZ GROUP USA,                               :
CORP.; DANUCHT ENTERTAINMENT, LLC;                               :
RICHARD AKIVA a/k/a RICHIE AKIVA; and                            :
JACQUELINE AKIVA,                                                :
                                                                 :
        Interpleader Defendants-Crossclaim                 :
        Defendants.                                        :
                                                                 :
-----------------------------------------------------------------x

1

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF WITH CROSS-CLAIM FOR DECLARATORY JUDGMENT AND REQUEST FOR TURNOVER

Interpleader Defendant and Crossclaim Plaintiff ConnectOne Bank, successor-by-merger to Greater Hudson Bank ("CNOB"), by and through its undersigned attorneys Cullen and Dykman LLP, as and for its answer to the Complaint for Interpleader and Declaratory Relief dated and filed May 12, 2022 ("Complaint") by interpleader plaintiff JPMorgan Chase Bank, N.A. ("Chase") responds to the Complaint and alleges as and for its crossclaim, as follows:

### NATURE OF ACTION

1. In response to Paragraph 1, CNOB admits that Chase commenced this interpleader action, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

2. In response to Paragraph 2, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

3. In response to Paragraph 3, CNOB admits that it is a judgment creditor of Butter Management, LLC ("Butter Management") and 30th Street Entertainment LLC ("30th Street") and that CNOB served an Execution with Notice to Garnishee upon Chase with Levy and Final Demand by and through Henry Daley, the Marshal of the City of New York, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

4. In response to Paragraph 4, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

5. In response to Paragraph 5, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## THE PARTIES

6. In response to Paragraph 6, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

7. In response to Paragraph 7, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

8. In response to Paragraph 8, CNOB admits that Butter Management is a North Carolina limited liability company authorized to do business in New York, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

9. In response to Paragraph 9, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

10. In response to Paragraph 10, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

11. In response to Paragraph 11, CNOB admits that 30th Street is a New York limited liability company, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

12. In response to Paragraph 12, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

13.     In response to Paragraph 13, CNOB admits upon information and belief that Katz Group USA, Corp. ("Katz Group") is a Delaware Corporation, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

14.     In response to Paragraph 14, CNOB admits upon information and belief that Danucht Entertainment, LLC ("Danucht") is a Florida limited liability company, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

15.     In response to Paragraph 15, CNOB admits upon information and belief that Richard Akiva a/k/a Richie Akiva ("R. Akiva") is an individual and citizen of the State of New York, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

16.     In response to Paragraph 16, CNOB admits upon information and belief that Jacqueline Akiva ("J. Akiva") is an individual and citizen of the State of New York residing in New York County, but denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

17.     In response to Paragraph 17, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

18.     In response to Paragraph 18, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

19.     In response to Paragraph 19, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

20.     In response to Paragraph 20, CNOB admits that it is a New Jersey state chartered bank with an office located at 301 Sylvan Avenue, Englewood Cliffs, New Jersey 07632, but

denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations and legal conclusions therein.

## JURISDICTION AND VENUE

21. In response to Paragraph 21, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

22. In response to Paragraph 22, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

23. In response to Paragraph 23, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

24. In response to Paragraph 24, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

25. In response to Paragraph 25, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, upon information and belief CNOB admits that the Akivas reside in New York and denies

knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

26. In response to Paragraph 26, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

27. In response to Paragraph 27, CNOB admits that it is a New Jersey state chartered bank, and avers that the remaining allegations are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

28. In response to Paragraph 28, CNOB avers that the allegations therein are legal conclusions to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

## FACTUAL BACKGROUND
### *The Accounts*

29. In response to Paragraph 29, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

30. In response to Paragraph 30, CNOB admits upon information and belief that Butter Management holds a business checking account with Chase ending in 9500 ("Butter Management Account"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

31. In response to Paragraph 31, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

32. In response to Paragraph 32, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

33. In response to Paragraph 33, CNOB admits upon information and belief that 30th Street holds business checking accounts with Chase ending in 3927 and 3317 ("30th Street Accounts"), and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

34. In response to Paragraph 34, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

35. In response to Paragraph 35, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

36. In response to Paragraph 36, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

37. In response to Paragraph 37, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

38. In response to Paragraph 38, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

39. In response to Paragraph 39, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

40. In response to Paragraph 40, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

41. In response to Paragraph 41, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

42. In response to Paragraph 42, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

43. In response to Paragraph 43, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

44. In response to Paragraph 44, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

45. In response to Paragraph 45, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

46. In response to Paragraph 46, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

47. In response to Paragraph 47, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

48. In response to Paragraph 48, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

49. In response to Paragraph 49, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein, and avers that CNOB has a superior right, as a judgment creditor with a levy on the funds in the Butter Management Account and 30th Street Accounts.

50. In response to Paragraph 50, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

51. In response to Paragraph 51, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

52. In response to Paragraph 52, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

### *The Judgment Creditors*

53. In response to Paragraph 53, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

54. In response to Paragraph 54, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

55. In response to Paragraph 55, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

56. In response to Paragraph 56, CNOB admits the allegations therein, except denies the characterization of its claim to the funds in the Butter Management Account and 30th Street as Accounts as "potential."

### ANSWERING THE FIRST CAUSE OF ACTION
### (Interpleader Pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335)

57. In response to Paragraph 57, CNOB repeats and realleges its responses to each of the above Paragraphs 1 through 56 as if fully set forth herein.

58. In response to Paragraph 58, CNOB admits, upon information and belief, the allegations therein.

59. In response to Paragraph 59, CNOB denies that there are competing claims to the Butter Management Account and 30th Street Accounts because CNOB has a superior right to the funds in those accounts as a judgment creditor with a levy on those accounts, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

60. In response to Paragraph 60, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

61. In response to Paragraph 61, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

62. In response to Paragraph 62, CNOB avers that the allegations therein are legal conclusions as to which no response is required, but to the extent CNOB must nevertheless respond, CNOB denies that there are conflicting claims to the Butter Management account and 30th Street accounts because CNOB has a superior right to the funds in those accounts as a judgment creditor with a levy on those accounts, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

63. In response to Paragraph 63, CNOB avers that the allegations therein are legal conclusions as to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

64. In response to Paragraph 64, CNOB avers that the allegations therein are legal conclusions as to which no response is required, but to the extent CNOB must nevertheless respond, it denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

65. In response to Paragraph 65, CNOB avers that the allegations therein are legal conclusions as to which no response is required, but to the extent CNOB must nevertheless respond, it denies that there are conflicting claims to the Butter Management Account and 30th Street Accounts because CNOB has a superior right to the funds in those accounts as a judgment

creditor with a levy on those accounts, and denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations therein.

66. In response to Paragraph 66, CNOB avers that the allegations therein are legal conclusions as to which no response is required, but to the extent CNOB must nevertheless respond, it denies the allegations therein.

67. In response to Paragraph 67, CNOB denies knowledge or information sufficient to form a belief as to the truth of the allegations therein.

68. In response to the unnumbered "WHEREFORE" clause, CNOB submits that the requests for relief are matters for determination by the Court, and thus no response is required.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim as against CNOB because there are no other Interpleader Defendants that have a judgment, levy, or other priority interest in the Butter Management Account and 30th Street Accounts.

2. Since there are no other Interpleader Defendants that have a judgment, levy, or other priority interest in the Butter Management Account and 30th Street Accounts, Chase is not entitled to recover its attorneys' fees and costs incurred in connection with this proceeding from the Butter Management Account and 30th Street Accounts.

## CROSSCLAIM AGAINST BUTTER MANAGEMENT, 30TH STREET, KATZ GROUP, DANUCHT, R. AKIVA AND J. AKIVA
**(For Declaratory Judgment Pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201)**

1. CNOB interposes the within crossclaim against Interpleader Defendants-Crossclaim Defendants Butter Management, 30th Street, Katz Group USA, Corp. ("Katz Group"), Danucht Entertainment, LLC ("Danucht"), R. Akiva and J. Akiva (the "Akivas" and together with Butter Management, 30th Street, Katz Group and Danucht, the "Crossclaim

Defendants") seeking a declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201.

2. CNOB is a New Jersey state chartered bank with a principal office located at 301 Sylvan Avenue, Englewood Cliffs, Jew Jersey 07632.

3. Butter Management is a North Carolina limited liability company authorized to do business in New York with, upon information and belief, a current business address at 453 West 17th Street, Frnt 1, New York, New York 10011.

4. 30th Street is a New York limited liability company with, upon information and belief, a principal business address at 410 West 14th Street, 2nd Floor, New York, New York 10011.

5. Katz Group is a Delaware corporation with a registered agent for service of process c/o Corporation Service Company, 251 Little Falls Drive, Wilmington, Delaware 19808.

6. Danucht Entertainment is a Florida limited liability company registered to conduct business in New York with, upon information and belief, a principal place of business at 410 West 14th Street, 2nd Floor, New York, New York 10014.

7. R. Akiva is an individual and citizen of the State of New York with, upon information and belief, a primary residence address at 123 West 15th Street, #3, New York, New York, 10011.

8. J. Akiva is an individual and citizen of the State of New York with, upon information and belief, a primary residence address at 180 West 20th Street, Apt. 5F, New York, New York 10011.

9. On September 10, 2021, CNOB filed a summons with motion for summary judgment in lieu of complaint pursuant to NY CPLR § 3213 against 30th Street and Butter

12

Management (together, "Judgment Debtors"), in the Supreme Court of the State of New York, County of Westchester, Index No. 62487/2021 (the "Judgment Action").

10. The Judgment Action arose from a loan default by Judgment Debtors, and on December 20, 2021, the Supreme Court (Hon. Linda S. Jamieson) issued a Decision and Order Granting CNOB's CPLR § 3213 motion.

11. On February 17, 2022, a judgment was duly entered in favor of CNOB, as judgment creditor, and against the Judgment Debtors jointly and severally in the total sum of $992,714.00 (the "CNOB Judgment").

12. On March 18, 2022, CNOB served an Information Subpoena with Restraining Notice upon Chase regarding the CNOB Judgment against Judgment Debtors.

13. On April 18, 2022, Chase responded to the Information Subpoena with Restraining Notice (the "Response"), indicating, among other things, that it placed a hold in the amount of $1,985,428.00 on each of two accounts (described below) belonging to the Judgment Debtors.

14. In its Response, Chase identified one account in the name of Judgment Debtor Butter Management, ending in 9500, with a then-present balance of $825,260.87 (the "Butter Account").

15. In its Response, Chase identified a second account in the name of Judgment Debtor 30th Street, ending in 3317, with a then-present balance of $0.00 (the "30th Street Account" and together with the Butter Account, the "Levied Accounts").[1]

16. On May 11, 2022, based on Chase's Response, CNOB prepared an Execution with Notice to Garnishee, which, among other things, directs Chase to satisfy the CNOB Judgment out of funds in its possession belonging to the Judgment Debtors.

---

[1] Chase also identified a 30th Street account ending in 3927, but it appears that this account is not subject to a hold.

17. On May 13, 2022, CNOB caused the Marshal of the City of New York, Henry Daley ("NYC Marshal") to serve the Execution with Notice to Garnishee upon Chase.

18. The Levy and Final Demand served by the NYC Marshal together with the Execution with Notice to Garnishee directs Chase to turn over all property of the Judgment Debtors in its possession to the NYC Marshal pursuant to CPLR § 5232(a), in an amount not to exceed $1,063,992.12 (the "Levy"). A true and correct copy of the Levy and Final Demand and Execution with Notice to Garnishee is attached hereto as Exhibit A.

19. Upon information and belief, as alleged by Chase in the Complaint, each of the Crossclaim Defendants has or has claimed an ownership or equity interest in Butter Management.

20. Upon information and belief, as alleged by Chase in the Complaint, there is a dispute between the Katz Group on the one hand and Danucht, R. Akiva and J. Akiva on the other hand, regarding their respective rights, if any, to the funds in the Butter Account.

21. Based on these allegations in the Interpleader Complaint, CNOB has determined that there is an apparent bona fide justiciable and substantial controversy that exists amongst the Crossclaim Defendants, that Chase asserts affects CNOB's ability to receive the funds in the Levied Accounts.

22. Since the Interpleader Complaint has been filed, CNOB has been prejudiced because, upon information and belief, Chase is unable turnover the funds in the Levied Accounts to the NYC Marshal, or to CNOB directly, absent an order of this Court.

23. Because of CNOB's Levy on the Levied Accounts, any dispute between the alleged equity owners of Butter Management is immaterial to CNOB's superior right to the funds as Judgment Creditor having duly served the Execution with Notice to Garnishee.

24. Nevertheless, Chase alleges that CNOB and the Crossclaim Defendants have adverse legal interests with respect to the Levied Accounts.

25. A declaratory judgment by this Court that CNOB's Levy is valid, binding, and superior to any claimed rights by the Crossclaim Defendants with respect to the Levied Accounts would serve the purpose of clarifying and settling the alleged competing legal interests in the Levied Accounts.

26. A declaratory judgment by this Court that any business disputes by and amongst the Crossclaim Defendants are irrelevant to CNOB's Levy and do not preclude turnover of the funds to CNOB by Chase or the Court would serve the purpose of clarifying and settling the alleged competing legal interests in the Levied Accounts.

27. A judgment by this Court directing turnover of the funds in the Levied Accounts to CNOB would finalize the controversy and eliminate any uncertainty.

28. Upon information and belief, and based on the allegations in the Complaint, no other Interpleader Defendant has a judgment, levy, or other priority interest in the Levied Accounts.

29. CNOB has no other adequate or alternative remedy for determination of the competing legal interests, and accordingly, declaratory judgment is an appropriate remedy.

30. CNOB has not previously sought such relief in this or any other action.

**WHEREFORE**, CNOB respectfully requests that the Court enter judgment in favor of CNOB:

(a) against the Crossclaim Defendants, declaring that CNOB's Levy on the Levied Accounts is valid, binding and superior to any claimed interests or rights by the Crossclaim Defendants with respect to the Levied Accounts;

(b) against the Crossclaim Defendants, declaring that any business disputes by and amongst the Crossclaim Defendants are irrelevant to CNOB's Levy on the Levied Accounts and any such disputes do not preclude turnover of the funds in the Levied Accounts to CNOB;

(c) directing turnover of the funds in the Levied Accounts to CNOB and dismissing CNOB from this Interpleader Action; and

(d) for any such other, further, and different relief as the Court may deem just and proper under the circumstances.

Dated: Garden City, New York
June 24, 2022

Respectfully submitted,

CULLEN AND DYKMAN LLP

By: _____
Bonnie L. Pollack, Esq.
Elizabeth Usinger, Esq.
*Attorneys for ConnectOne Bank, successor-by-merger to Greater Hudson Bank*
100 Quentin Roosevelt Boulevard
Garden City, NY 11530
(516) 357-3700
bpollack@cullenllp.com
eusinger@cullenllp.com