UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JP MORGAN CHASE BANK, N.A.,

Interpleader Plaintiff,

v.

29-33 NINTH AVENUE, LLC; BUTTER
MANAGEMENT, LLC; 9039 SUNSET BOULEVARD,
LLC; 17TH STREET ENTERTAINMENT II, LLC; 30TH
STREET ENTERTAINMENT LLC; CASSA NY
RESTAURANT LLC; KATZ GROUP USA, CORP;
DANUCHT ENTERTAINMENT, LLC; RICHARD
AKIVA a/k/a RICHIE AKIVA; JACQUELINE AKIVA;
SAM TELL AND SON, INC. d/b/a THE SAM TELL
COMPANIES; MANHATTAN BEER DISTRIBUTORS
LLC; SOUTHERN GLAZER'S WINE AND SPIRITS
OF NEW YORK, LLC; and CONNECTONE BANK,
successor-by-merger to Greater Hudson Bank,

Interpleader Defendants.

**ANSWER**

Case No.
1:22-cv-3865 (JPO) (GWG)

Interpleader Defendant, Southern Glazer's Wine and Spirits of New York, LLC

("Southern Glazer's) for its Answer to the Complaint, states as follows:

1.    ADMITS that Chase commenced this interpleader action and DENIES

KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the

remaining allegations in paragraph 1.

2.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as

to the truth of the allegations in paragraph 2.

3.    ADMITS that Southern Glazer's is a judgment creditor of 17th Street

Entertainment II LLC and that it served an information subpoena with restraining notice

to Chase in connection with enforcing Southern Glazer's judgment against 17th Street

1

Entertainment II LLC and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations in paragraph 3.

4.      STATES that paragraph 4 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 4.

5.      STATES that paragraph 5 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 5.

6.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 6.

7.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9.      DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10.     ADMITS that 17th Street is a New York limited liability company and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10 and further STATES that, upon information and belief, 17th Street operated out of an address located at 453 West 17th Street, New York, New York 10011.

11.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

2

12.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 13.

14.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16.    ADMITS that Jacqueline Akiva is an individual and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16.

17.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19.    ADMITS that Southern Glazer's is a Florida limited liability company, with an office located at 345 Underhill Blvd., Syosset, New York 11791.

20.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21.    STATES that paragraph 21 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

3

22.    STATES that paragraph 22 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23.    STATES that paragraph 23 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24.    STATES that paragraph 24 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25.    STATES that paragraph 25 contains a legal conclusion and otherwise, upon information and belief, ADMITS the allegations in paragraph 25.

26.    STATES that paragraph 26 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 26 except ADMITS that Southern Glazer's is not a citizen of Ohio.

27.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28.    STATES that paragraph 28 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

4

30.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32.     ADMITS that 17th Street has accounts at Chase with the referenced account numbers and DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

33.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 35.

36.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37.     Upon information and belief, ADMITS the allegations in paragraph 37.

38.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 38.

39.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 39.

40.     DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

5

41.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 41.

42.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 42.

43.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44.    STATES that the DAA speaks for itself and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 44.

45.    STATES that the DAA speaks for itself and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46.    STATES that the DAA speaks for itself and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47.    STATES that the DAA speaks for itself and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 47.

48.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 48.

49.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 54.

55.    ADMITS the allegations contained in paragraph 55.

56.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 56.

57.    Southern Glazer's repeats paragraphs 1-56 herein.

58.    ADMITS the allegations contained in paragraph 58.

59.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 59.

60.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 60.

61.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 61.

62.    STATES that paragraph 62 contains a legal conclusion and otherwise DENIES the allegations contained in paragraph 62.

7

63.    STATES that paragraph 63 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 63.

64.    STATES that paragraph 64 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65.    STATES that paragraph 65 contains a legal conclusion and otherwise DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66.    STATES that paragraph 66 contains a legal conclusion and otherwise DENIES the allegations contained in paragraph 66.

67.    DENIES KNOWLEDGE OR INFORMATION sufficient to form a belief as to the truth of the allegations contained in paragraph 67.

## **AFFIRMATIVE DEFENSES**

1.    According to the Interpleader Complaint, Chase currently has $919,722.33 on deposit in the two 17th Street Accounts.

2.    According to the Interpleader Complaint, three creditors have judgments against 17th Street Entertainment II LLC and, by virtue of those judgments, a claim to the amount on deposit in the 17th Street Accounts: (1) Sam Tell and Son, Inc.; (2) Manhattan Beer Distributors, LLC; and (3) Southern Glazer's Wine and Spirits of New York, LLC (collectively, the "Three Judgments").

3.    According to the Complaint the cumulative amount of the Three Judgments equals $85,136.37.

8

4.    There is no dispute or conflicting claim to the funds on deposit at Chase as among the holders of the Three Judgments as there are sufficient funds on deposit in the two 17th Street Accounts to satisfy the Three Judgments in full.

5.    Accordingly, Chase should be directed to use the funds in the two 17th Street Accounts to satisfy the Three Judgments in full.

6.    By virtue of the foregoing, Chase is not entitled to deduct attorneys' fees or costs from the two 17th Street Accounts.

WHEREFORE, Southern Glazer's Wine and Spirits of New York, LLC respectfully requests that the Court enter judgment in its favor directing Chase to use funds on deposit in the 17th Street Accounts to fully satisfy Southern Glazer's Wine and Spirits of New York, LLC's judgment against 17th Street Entertainment II LLC in the amount of $48,647.02, plus accrued interest through the date payment is made, along any additional relief deemed just and proper.

Dated: July 8, 2022

BOND, SCHOENECK & KING, PLLC

By: _____
James P. Wright, Jr.
One Lincoln Center
Syracuse, New York 13202
Tel. 315-218-8565
jwright@bsk.com

*Attorneys for Interpleader Defendant, Southern Glazer's Wine and Spirits of New York, LLC*

9