UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>  Interpleader Plaintiff,<br><br>  v.<br><br>29-33 NINTH AVENUE, LLC; BUTTER MANAGEMENT, LLC; 9039 SUNSET BOULEVARD, LLC; 30TH STREET ENTERTAINMENT LLC; CASSA NY RESTAURANT LLC; KATZ GROUP USA, CORP.; DANUCHT ENTERTAINMENT, LLC; RICHARD AKIVA a/k/a RICHIE AKIVA; JACQUELINE AKIVA; SAM TELL AND SON, INC. d/b/a THE SAM TELL COMPANIES; MANHATTAN BEER DISTRIBUTORS LLC; SOUTHERN GLAZER'S WINE AND SPIRITS OF NEW YORK, LLC; and CONNECTONE BANK, successor-by-merger to Greater Hudson Bank,<br><br>  Interpleader Defendants. | Case No. 1:22-cv-3865-JPO<br><br>**ANSWER, COUNTERCLAIM AND CROSSCLAIM** |
| KATZ GROUP USA, CORP.,<br><br>  Interpleader Defendant-Crossclaim Plaintiff,<br><br>  v.<br><br>BUTTER MANAGEMENT, LLC and CONNECTONE BANK,<br><br>  Interpleader Defendants-Crossclaim Defendants. | |

Defendant Katz Group USA, Corp. ("Katz"), by and through its attorneys, Duane Morris, LLP, for its answer to the Interpleader Complaint, dated May 12, 2022 (the "Complaint") responds as follows:

1. Paragraph 1 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 1 are deemed allegations of fact, Katz

1

denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, except admits that Chase initiated this action by filing the Complaint.

2. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 2 of the Complaint, except admits that it owns interest in Butter Management, LLC ("Butter Management").

3. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 3 of the Complaint.

4. Paragraph 4 sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 4 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 4 of the Complaint.

5. Paragraph 5 sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 5 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 of the Complaint.

7. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint, except admits that Katz is a 50% owner of Butter Management and that Butter Management is a North Carolina limited liability company.

9. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 of the Complaint.

10. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 of the Complaint.

12. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of the Complaint.

13. Katz denies the allegations set forth in Paragraph 13 of the Complaint, except admits that Katz is a Delaware corporation.

14. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of the Complaint.

15. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15 of the Complaint.

16. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of the Complaint.

17. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of the Complaint.

18. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of the Complaint.

19. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of the Complaint.

Not used

20. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint.

21. Paragraph 21 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 21 are deemed allegations of fact, Katz denies each and every allegation set forth in Paragraph 21.

22. Paragraph 22 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 22 are deemed allegations of fact, Katz denies each and every allegation set forth in Paragraph 22.

23. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 23 of the Complaint.

24. Paragraph 24 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 24 are deemed allegations of fact, Katz admits that it is a Delaware corporation with its principal place of business in Canada.

25. Paragraph 25 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 25 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 25 of the Complaint.

26. Paragraph 26 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 26 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 26 of the Complaint.

27. Paragraph 27 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 27 are deemed allegations of fact,

Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of the Complaint.

28. Paragraph 28 of the Complaint sets forth a legal conclusion to which no response is required. To the extent the legal conclusion in Paragraph 28 is deemed an allegation of fact, Katz denies the allegation set forth in Paragraph 28.

29. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of the Complaint.

30. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of the Complaint.

31. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of the Complaint.

32. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 32 of the Complaint.

33. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of the Complaint.

34. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of the Complaint.

35. Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of the Complaint.

36. Katz admits the allegations in Paragraph 36 of the Complaint, however to the extent the allegations suggest that Katz had any management responsibilities or duties in any capacity, denied.

37. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 37 of the Complaint, except admits that Butter Management was, at one time, involved in the hospitality industry.

38. Katz denies the allegations set forth in Paragraph 38 of the Complaint, and avers the following: Katz commenced a lender/borrower relationship with Butter Management on or about October 23, 2017, when it entered into a Credit Agreement with Butter Management, Butter Licensing, LLC ("Butter Licensing"), Butter IPH, LLC ("Butter IPH") and Danucht (the "Credit Agreement"), pursuant to which Katz agreed to extend to Butter Management a) a Capital Expansion Line of Credit, and b) a Revolving Operating Line of Credit.  Katz also obtained a 50% membership interest in Butter Management, Butter Licensing and Butter IPH. Butter Management's obligations under the Credit Agreement were secured by four security agreements executed by Butter Management, Butter Licensing, Butter IPH and Danucht, all in favor of Katz, as well as three limited, but unconditional guaranties executed by Butter Licensing, Butter IPH and Danucht.  Pursuant to the terms of the security agreements executed by Butter Management, Butter Licensing, Butter IPH and Danucht, upon Butter Management's default under the Credit Agreement, Katz had the right to take possession of the collateral to the security agreements which includes, among other things, all personal property of each grantor, including their "accounts."  As of January 1, 2019, Butter Management was in default of the Credit Agreement, and it has remained in default ever since.  On May 13, 2021, counsel for Katz informed Interpleader Plaintiff JPMorgan Chase Bank, N.A. ("Chase") that it was asserting "control," pursuant to the Uniform Commercial Code, over each and every deposit account at issue in this action.  *See* Exhibit 11 to the Complaint.  As a result, Katz has a valid and perfected first priority security interest in the accounts belonging to Butter Management, Butter Licensing,

Butter IPH and Danucht.  Katz is now exercising its rights under its security agreements with Butter Management, Butter Licensing, Butter IPH and Danucht, and seizing the funds in the relevant deposit accounts.  Katz's security interest in these accounts has priority over unsecured creditors of any character and priority over subordinate lien holders such as ConnectOne Bank, which did not levy its judgment against Butter Management and 30th Street Entertainment LLC until one year after Katz asserted control over the relevant deposit accounts.  Compare Exhibit 11 to the Complaint (Docket No. 1-11) to Exhibit A to ConnectOne's Answer and Crossclaim (Docket No. 29-1).

39. Katz denies the allegations set forth in Paragraph 39 of the Complaint, except admits that a meeting of the directors of Butter Management was held on February 25, 2020.

40. Katz denies the allegations set forth in Paragraph 40 of the Complaint, except avers that by January 1, 2019, Butter Management was in default of the Credit Agreement it entered into with Katz, and has remained in default ever since.

41. Katz admits that it sent a communication to Chase on May 13, 2021, but avers that the contents of the communication speak for themselves.  Katz further avers that through this communication, Katz informed Chase that it was asserting "control," as that term is used in Article 9 of the Uniform Commercial Code, over the relevant deposit accounts.  *See* Exhibit 11 to the Complaint.  As a result, Katz has a valid and perfected first priority security interest in the accounts belonging to Butter Management, Butter Licensing, Butter IPH and Danucht, which includes all of the relevant deposit accounts.

42. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 42 of the Complaint.

43. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 43 of the Complaint, except admits that it received a copy of the letter Chase sent to Butter Management on May 28, 2021, the contents of which speak for themselves.

44. Paragraph 44 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 44 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44, and avers that the contents of the DAA speak for themselves.

45. Paragraph 45 of the Complaint sets forth the terms of the DAA, which speak for themselves.

46. Paragraph 46 of the Complaint sets forth the terms of the DAA, which speak for themselves.

47. Paragraph 47 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 47 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 47.

48. Katz admits receiving the letter Chase sent to Butter Management on May 31, 2021, the contents of which speak for themselves. The allegation that "[n]othing in the DAA or otherwise required Chase to give Butter Management and/or the Butter Affiliates advance notice that restrictions were being placed on their Accounts," is a legal conclusion to which no response is required. To the extent this legal conclusion is deemed an allegation of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegation.

49. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 49 of the Complaint.

50. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 50 of the Complaint.

51. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 51 of the Complaint.

52. Katz admits the allegations set forth in Paragraph 52 of the Complaint.

53. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 53 of the Complaint.

54. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 54 of the Complaint.

55. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 55 of the Complaint.

56. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 56 of the Complaint.

**FIRST CAUSE OF ACTION**
**(Interpleader Pursuant to Fed. R. Civ. P. 22 and 28 U.S.C. § 1335)**

57. Katz repeats and realleges his responses to Paragraphs 1 through 56 of the Complaint as if fully set forth herein.

58. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 58 of the Complaint.

59. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 59 of the Complaint.

60. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 60 of the Complaint.

61. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 62 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62.

63. Paragraph 63 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 63 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 63.

64. Paragraph 64 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 64 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64.

65. Paragraph 65 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 65 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65.

66. Paragraph 66 of the Complaint sets forth legal conclusions to which no response is required. To the extent the legal conclusions in Paragraph 66 are deemed allegations of fact, Katz denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 66.

67. Katz denies knowledge and information sufficient to form a belief as to the allegations set forth in Paragraph 67 of the Complaint.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim as against Katz because Katz has a valid and perfected first priority security interest in the funds in the relevant deposit accounts which has priority over Chase and any other Interpleader Defendant.

## COUNTERCLAIM AGAINST CHASE AND CROSSCLAIM AGAINST BUTTER MANAGEMENT AND CONNECTONE

1. Katz interposes its counterclaim against Chase pursuant to Fed. R. Civ. P. 13 and 57 and 28 U.S.C. § 2201, seeking a declaration that it has a valid and perfected first priority security interest in the accounts belonging to Butter Management, Butter Licensing, Butter IPH and Danucht (the "Deposit Accounts") which takes priority over any interest that Chase or any creditor may have in the accounts.

2. Katz interposes its crossclaim against Interpleader Defendants-Crossclaim Defendants Butter Management and ConnectOne pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, seeking a declaration that it has a validly perfected and first priority security interest in the Deposit Accounts which takes priority over any interest that any other creditors may have in the accounts.

3. Katz is a Delaware Corporation with its principal place of business located in Edmonton, Alberta, Canada.

4. Upon information and belief Chase is a national banking association organized under the laws of the United States, and a citizen of Ohio with its main office located at 1111 Polaris Parkway, Columbus, Ohio 43240.

5. Butter Management is a North Carolina limited liability company, which, upon information and belief, has its principal place of business in New York, New York.

6. Upon information and belief ConnectOne is a New Jersey state chartered bank with a principal place of business located at 301 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.

7. Katz commenced a lender/borrower relationship with Butter Management on or about October 23, 2017, when it entered into the Credit Agreement with Butter Management, Butter Licensing, Butter IPH and Danucht, pursuant to which Katz agreed to extend to Butter Management a) a Capital Expansion Line of Credit, and b) a Revolving Operating Line of Credit.

8. Katz also obtained a 50% membership interest in Butter Management, Butter Licensing and Butter IPH.

9. Butter Management's obligations under the Credit Agreement were secured by four security agreements executed by Butter Management, Butter Licensing, Butter IPH and Danucht, all in favor of Katz, as well as three limited, but unconditional guaranties executed by Butter Licensing, Butter IPH and Danucht.

10. Pursuant to the terms of the security agreements executed by Butter Management, Butter Licensing, Butter IPH and Danucht, upon Butter Management's default under the Credit Agreement, Katz had the right to take possession of the collateral to the security agreements

which includes, among other things, all personal property of each grantor, including their "accounts."

11. As of January 1, 2019, Butter Management was in default of the Credit Agreement. Katz notified Butter Management, Butter Licensing, Butter IPH and Danucht of Butter Management's default and continuing default by letters dated October 28, 2019 and June 30, 2020.

12. On May 13, 2021, counsel for Katz informed Interpleader Plaintiff-Counterclaim Defendant Chase that it was asserting control over each and every Deposit Account. *See* Exhibit 11 to the Complaint.

13. As a result, Katz has a valid and perfected first priority security interest in the accounts belonging to Butter Management, Butter Licensing, Butter IPH and Danucht, which includes all of the Deposit Accounts.

14. Katz is now hereby exercising its rights under its security agreements with Butter Management, Butter Licensing, Butter IPH and Danucht, and seeking turnover the funds in the Deposit Accounts pursuant to its security agreements described herein. Katz's security interest in the Deposit Accounts has priority over Chase, unsecured creditors of any character, and subordinate lien holders, including but not limited to ConnectOne Bank, which did not levy its judgment against Butter Management and 30th Street Entertainment LLC until one year after Katz asserted "control" over the Deposit Accounts. *Compare* Exhibit 11 to the Complaint (Docket No. 1-11) *with* Exhibit A to ConnectOne's Answer and Crossclaim (Docket No. 29-1).

15. An actual justiciable controversy exists with respect to who has a priority security interest in the Deposit Accounts.

16. A declaratory judgment by this Court stating that Katz's security interest in the Deposit Accounts has priority over any other creditors would clarify and settle any competing legal interest in the Deposit Accounts.

17. Katz has no other adequate or alternative remedy for the determination of any competing interests with respect to the Deposit Accounts.

18. Katz has not previously sought such relief in this action or any other.

**WHEREFORE**, Katz respectfully requests that the Court enter judgment in favor of Katz:

A. dismissing the Complaint in its entirety as against Katz, including Chase's request for attorneys' fees;

B. declaring that Katz has a valid and perfected first priority security interest in the Deposit Accounts which has priority over any interest that Chase, any subordinate lien holders, including ConnectOne, or any unsecured creditors, may have;

C. directing immediate turnover of the funds in the Deposit Accounts in which Katz has a valid and perfected first priority security interest to Katz; and

D. such other and further relief as the Court deems to be just and proper.

Dated: August 10, 2022
New York, New York

Respectfully submitted,

DUANE MORRIS LLP

/s/ Rebecca Avrutin Foley
Rebecca Avrutin Foley
1540 Broadway
New York, New York 10036
(212) 692-1000
RAFoley@duanemorris.com

- and -

Phillip M. Hudson III
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131-4325
(305) 960-2200
PMHudson@duanemorris.com

*Attorneys for Defendant Katz Group USA, Corp.*