UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>    Interpleader Plaintiff,<br><br>v.<br><br>29-33 NINTH AVENUE, LLC; BUTTER MANAGEMENT, LLC; 9039 SUNSET BOULEVARD, LLC; 17TH STREET ENTERTAINMENT II, LLC; 30TH STREET ENTERTAINMENT LLC; CASSA NY RESTAURANT LLC; KATZ GROUP USA, CORP.; DANUCHT ENTERTAINMENT, LLC; RICHARD AKIVA a/k/a RICHIE AKIVA; JACQUELINE AKIVA; SAM TELL AND SON, INC. d/b/a THE SAM TELL COMPANIES; MANHATTAN BEER DISTRIBUTORS LLC; SOUTHERN GLAZER'S WINE AND SPIRITS OF NEW YORK, LLC; CONNECTONE BANK, successor-by-merger to Greater Hudson Bank, and THE N.E.W. CORP.,<br><br>    Interpleader Defendants. | Case No. 1:22-CV-03865-JPO |

**OMNIBUS ORDER DISPOSING OF ALL PENDING MATTERS AND
<u>CLOSING THE CASE</u>**

    WHEREAS, on May 12, 2022, JP Morgan Chase Bank, N.A. ("**Chase**") commenced the instant action for interpleader (the "**Interpleader Action**") against, among others, ConnectOne Bank ("**CNOB**"), Butter Management, LLC ("**Butter**"), 30th Street Entertainment LLC ("**30th Street**"), Katz Group USA, Corp. ("**Katz**"), Danucht Entertainment, LLC ("**Danucht**"), Richard Akiva and Jacqueline Akiva (the "**Akivas**"), seeking to deposit into Court monies from various Chase accounts relating to Butter's business activities; and

    WHEREAS, on June 24, 2022, CNOB filed an answer to the complaint in the Interpleader Action and asserted a cross-claim against Butter, 30th Street, Katz, the Akivas, and Danucht for a determination that CNOB has the superior interest to the monies in the Chase account ending in 9500 and owned by Butter (the "**Butter Management Chase Account**"); and.

1

WHEREAS, Butter and 30th Street both defaulted and did not appear in this action, and by Stipulation dated October 13, 2022, CNOB dismissed its cross-claim as against the Akivas and Danucht, such entities having agreed that they have no claim superior to CNOB as to the Butter Management Chase Account; and

WHEREAS, on August 10, 2022, Katz filed an answer to the complaint in the Interpleader Action, which answer included a cross-claim against Butter and CNOB, asserting its own alleged superior interest in the Butter Management Chase Account (the "**Katz Claim**"); and

WHEREAS, on September 1, 2022, CNOB moved to dismiss the Katz Claim, and by Opinion and Order dated January 5, 2024 (the "**Opinion**"), the Court, among other things, dismissed the Katz Claim; and

WHEREAS, on February 7, 2024, the Court entered an order (the "**Order to Deposit Funds**") directing Chase to deposit into the Court registry the following funds in the accounts that are the subject of this interpleader action: i) $954,264.67 from the Butter Management Chase Account; ii) $230,115.21 from the 29-33 Ninth Avenue, LLC Account ending in 5688 and $50.00 from the 29-33 Ninth Avenue, LLC Account ending in 1890 (the "**Ninth Avenue Accounts**"); iii) $116,153.75 from the 9039 Sunset Boulevard LLC Account ending in 3830 and $7,552.70 from the 9039 Sunset Boulevard Account ending in 8917 (the "**Sunset Boulevard Accounts**"); and iv) $644.82 from the Cassa NY Restaurant LLC Account ending in 7106 (the "**Cassa NY Account**" and collectively, with the Ninth Avenue Accounts and the Sunset Boulevard Accounts, the "**Remaining Accounts**," and the funds deposited with the Court from the Remaining Accounts, the "**Remaining Funds**"); and

WHEREAS, on February 16, 2024, a joint letter was filed with the Court in which all parties other than CNOB and Katz renounced any interest in any of the remaining interpleader

funds, including the funds in the Butter Management Chase Account and the Remaining Funds; and

WHEREAS, on February 20, 2024, the Court issued an Order dismissing from the action all other parties besides CNOB and Katz; and

WHEREAS, on March 15, 2024, CNOB moved for summary judgment upon its claims in the Interpleader Action including its Cross-Claim against Katz (the "**CNOB Motion**"), seeking an order of this Court granting it judgment in this action and directing turnover to CNOB of the funds in the Butter Management Chase Account; and

WHEREAS, by correspondence dated April 1, 2024, Katz advised CNOB that it would not be filing opposition to the Summary Judgment Motion; and

WHEREAS, on April 3, 2024, the Court issued an Order directing CNOB and Katz to confer and submit a jointly proposed order addressing the disposition of all the funds deposited with the Court; and

WHEREAS, on April 8, 2024, CNOB filed a proposed order (the "**First Proposed Order**") directing turnover to CNOB of the Funds in the amount of $954,264.67, from the Butter Management Chase Account; and

WHEREAS, on April 8, 2024, Katz filed a Motion for Turnover of Funds (the "**Katz Motion**") setting forth Katz's entitlement to the Remaining Funds pursuant to a Security Agreement between Butter as Grantor to Katz as Lender/Secured Party and the resulting entitlement of Katz to the Remaining Funds, which are otherwise unclaimed by any other creditors or parties and requesting that the Court issue an order directing turnover to Katz of the Remaining Funds pursuant to its secured claim against the parent of the owners of the Remaining Accounts; and

WHEREAS, by Order dated April 9, 2024, the Court directed CNOB and Katz to file a jointly proposed order to address the disposition of all of the funds deposited with the Court, "both to ConnectOne Bank and to Katz Group USA, Corp."; and

NOW, THEREFORE, pursuant to, *inter alia*, 28 U.S.C. § 1335, in consideration that there are no other claims to be administered in this interpleader action, and based upon the arguments made in the CNOB Motion and the Katz Motion, and for good and sufficient cause, it is hereby:

**ORDERED**, that the Clerk of the United States District Court shall turn over to CNOB the funds in the amount of $954,264.67 originally held in the account of "Butter Management, LLC Account ending 9500" and now held in the Disputed Ownership Fund within the Court Registry Investment System, administered by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 2045 (the "**Butter Management Chase Account Funds**"); and it is further

**ORDERED**, that the Clerk of the United States District Court shall turn over to Katz the Remaining Funds in the amount of $354,516.48 originally collectively held in the 29-33 Ninth Avenue, LLC Account ending in 5688; the 29-33 Ninth Avenue, LLC Account ending in 1890, the 9039 Sunset Boulevard LLC Account ending in 3830, the 9039 Sunset Boulevard LLC Account ending in 8917, and the Cassa NY Restaurant LLC Account ending in 7106, and now held in the Disputed Ownership Fund within the Court Registry Investment System, administered by the Administrative Office of the United States Courts pursuant to 28 U.S.C. § 2045; and it is further

**ORDERED**, that prior to turnover of the Butter Management Chase Account Funds and the Remaining Funds (collectively, the "**Funds**"), the Clerk shall deduct therefrom any a fee not exceeding the fee authorized by the Judicial Conference of the United States and set by the Director of the Administrative Office (the "**Fee**"); and it is further

**ORDERED**, that the Funds, net half of the Fee, shall be paid to the order of "Cullen and Dykman LLP, Counsel for ConnectOne Bank" and shall be remitted to:

Cullen and Dykman LLP
Attn: Bonnie Pollack, Esq.
333 Earle Ovington Blvd., 2d Floor
Uniondale, New York 11552

**ORDERED**, that the Remaining Funds, net of half of the Fee, shall be paid to the order of "Duane Morris LLP, Counsel for Katz Group USA, Corp." respectively, and shall be remitted to:

Duane Morris LLP
Attn: Phillip M. Hudson III, Esq.
201 S. Biscayne Boulevard, Suite 3400
Miami, FL 33131-4325

and it is further

**ORDERED**, that within five (5) business days of the date that the Net Funds clear both Cullen and Dykman LLP's account, Cullen and Dykman LLP shall remit poundage fees in compliance with NY CPLR § 8012(b) to New York City Marshal, Henry Daley on account of the Levy (as defined in the CNOB Motion); and it is further

**ORDERED**, that with no other monies in the Court Registry and no other issues to be resolved in the present interpleader action, the Court directs that the matter will close pursuant to Rule 22 of the Federal Rules of Civil Procedure; and ORDERED, that pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Clerk is DIRECTED to enter judgment on this matter.

SO ORDERED.

Dated: April 12, 2024
New York, New York

_____
J. PAUL OETKEN
United States District Judge

437.50 20763915v1